# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER BROWN,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:09-CV-00557-LRH-(VPC)

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#12), respondents' motion to dismiss (#21), petitioner's opposition to the motion to dismiss and motion for issuance of stay (#24), and respondents' reply (#27). The court grants respondents' motion (#21) in part, finding that petitioner has not exhausted his available state-court remedies for some grounds and that petitioner has procedurally defaulted some grounds. The court grants petitioner's motion for a stay while petitioner returns to state court to exhaust his available post-conviction remedies.

    After a jury trial in the Second Judicial District Court of the State of Nevada, petitioner was convicted of first-degree murder with the use of a deadly weapon. Ex. 24 (#14). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 31 (#14). Before the direct appeal concluded, petitioner filed in the state district court a post-conviction petition for a writ of habeas corpus. Ex. 28 (#14). The state district court appointed counsel, who filed a supplemental petition. Ex. 33 (#14). The state district court denied the petition. Ex. 37 (#14). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 42 (#14).

Petitioner then commenced this action. This court appointed counsel, who filed the first amended petition (#12).

Much of respondents' motion to dismiss (#21) is not in dispute. Petitioner agrees that grounds 2(B), 2(D), 2(G), 3(B), 3(C), 3(D), 3(E), and 5 are unexhausted. Petitioner disagrees that grounds 2(A) and 3(A) are unexhausted, and petitioner disagrees that grounds 3(A) and 5 are procedurally defaulted.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

In ground 2(A), petitioner claims that trial counsel was ineffective for failing to object to the jury instruction on first-degree murder and to request a jury instruction that properly defined the elements of first-degree murder. Petitioner also claims that appellate counsel was ineffective for failing to challenge the instruction on appeal. In his state habeas corpus petition, petitioner argued the underlying substantive ground, that the jury instruction was inadequate. Ex. 28, p. 8 (#14). Petitioner did not raise in that petition the claims of ineffective assistance of trial and appellate counsel with respect to that jury instruction. On appeal from the denial of that petition, petitioner then argued that trial counsel and appellate counsel were ineffective. Ex. 40, pp. 9-10 (#14).

Petitioner's presentation of the ineffective-assistance claim for the first time on post-conviction appeal does not exhaust that claim. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Petitioner counters that Castille holds that "[t]he exhaustion requirement is satisfied if the petitioner presents a federal claim to the state courts, even if the state court refuses to consider the claim on a procedural ground." Opposition, p. 14 (#24). What Castille actually said was, "The requisite exhaustion may nonetheless exist, of course, if it is clear that respondent's claims are now procedurally barred under Pennsylvania law." 489 U.S. at

351. The Supreme Court is referring to procedural bars, such as untimeliness or successiveness. A procedural bar is different from presenting a claim to the Nevada Supreme Court in a procedurally improper manner, such as raising an issue for the first time on appeal, and petitioner did the latter. Petitioner also argues that the Nevada Supreme Court has the power to consider constitutional claims raised for the first time on appeal. Opposition, p. 15 (#24) (citing McCullough v. State, 657 P.2d 1157, 1158 (Nev. 1983)). However, petitioner has established only that the Nevada Supreme Court has the discretion to consider a question raised for the first time on appeal in special circumstances, which is exactly what Castille held is not fair presentation that satisfies the exhaustion requirement. Ground 2(A) is not exhausted.

Respondents argue that grounds 3(A) and 5 are both unexhausted and procedurally defaulted. Petitioner agrees with the argument that ground 5 is not exhausted, but petitioner argues that ground 3(A) is exhausted and that grounds 3(A) and 5 are not procedurally defaulted. In ground 3(A), petitioner claims that the trial court erred when it improperly instructed the jury on the elements of first-degree murder in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; ground 3(A) is the substantive claim that underlies the ineffective-assistance claim of ground 2(A). In ground 5, petitioner claims that insufficient evidence existed to convict him of first-degree murder.

Both grounds have the same procedural history in state court. Petitioner did not raise either ground on direct appeal from the judgment of conviction. See Ex. 26 (#14). In his state post-conviction petition, petitioner raised the claim of federal ground 3(A) as state ground 6, and petitioner raised the claim of federal ground 5 as state ground 1. Ex. 28, pp. 5, 8 (#14). The relevant rulings from the state district court were:

> Turning to the various claims, Ground One of the original petition is a claim that the evidence was insufficient. That can be disposed of readily because it is incorrect. It is also barred in this action because it could have been raised on direct appeal. NRS 34.810.

Ex. 37, pp. 2-3 (#14).

> Ground Six also concerns instructions. This claim is barred because it could have been raised on direct appeal. It is also incorrect because the instructions were not improper.

Ex. 37, p. 4 (#14).[1] Petitioner did not appeal the dismissal of these grounds to the Nevada Supreme Court. See Ex. 40 (#14).

Petitioner has exhausted his available remedies in state court for both of these grounds, even though petitioner agrees with respondents' argument that ground 5 is not exhausted. The state district court determined that the grounds were procedurally barred. Petitioner did not appeal that decision, and thus the state district court's decision is final. The Supreme Court's statement in Castille v. Peoples that exhaustion may exist if the claims are procedurally barred under state law is applicable to grounds 3(A) and 5. 489 U.S. at 351.

Although grounds 3(A) and 5 are exhausted, they also are procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the state district court relied in this case, Nev. Rev. Stat. § 34.810, is an adequate and independent state rule. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003).

Petitioner argues that grounds 3(A) and 5 are not procedurally defaulted because the state district court considered the claims on their merits. Opposition, p. 20 (#24) (citing Harris v. Reed, 489 U.S. 255, 258, 266 (1989)). However, Harris held that when the state court considers the merits as an alternative holding, it does not affect the adequacy and the independence of the state-law reason for barring relief. 489 U.S. at 264 n.10. The state district court's rulings on the merits of the grounds, quoted above, were in the alternative. Grounds 3(A) and 5 are procedurally defaulted.

---

[1] The state district court did not cite Nev. Rev. Stat. § 34.810 specifically with respect to state ground 6, but the state district court did mention § 34.810 when it dismissed other grounds, including state ground 1, for the same reason. Cf. Koerner v. Grigas, 328 F.3d 1039, 1049-50 (9th Cir. 2003).

Petitioner does not otherwise challenge the adequacy and independence of § 34.810 as a reason for barring relief.  Also, petitioner does not attempt to show good cause and prejudice to excuse the procedural default, and thus the court will not consider cause and prejudice.  See Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004).  Consequently, the court will dismiss grounds 3(A) and 5.

Respondents argue that ground 3(A) does not present a question of federal law.  The court will not address this argument because it is dismissing ground 3(A) as procedurally defaulted.

Petitioner has moved to stay this action while he returns to state court to exhaust his available remedies.  To stay this action, petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).

Petitioner has made the required showing.  The grounds at issue are not exhausted because petitioner's post-conviction counsel did not appeal the rulings on those grounds to the Nevada Supreme Court.  The court has reviewed the grounds, and they have potential merit.  Finally, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics.  Indeed, shortly after petitioner filed the first amended petition (#12) in this action, he filed a post-conviction habeas corpus petition in the state court without waiting for a ruling by this court whether the grounds are exhausted.  Ex. 44 (#24) (attached to the opposition).  The court will grant petitioner's motion for a stay.

Petitioner needs to correct an error with the transcript of his post-conviction evidentiary hearing in state court.  It cuts off after three pages.  See Ex. 36 (#14).  Petitioner should file a complete copy of this transcript.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#21) is **GRANTED** in part.  Grounds 2(A), 2(B), 2(D), 2(G), 3(B), 3(C), 3(D), and 3(E) of the first amended petition (#12) are unexhausted.  Grounds 3(A) and 5 of the first amended petition (#12) are **DISMISSED** with prejudice because they are procedurally defaulted.

IT IS FURTHER ORDERED that petitioner shall file as an exhibit a complete copy of the transcript of his state-court post-conviction evidentiary hearing within thirty (30) days from the date of issuance of this order.

IT IS FURTHER ORDERED that petitioner's motion for issuance of stay and abeyance order (#24) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims.  Petitioner shall return to this court with a motion to reopen within sixty (60) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings.  Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT IS FURTHER ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED this 15th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE