1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    CHRISTOPHER BROWN,
10          Petitioner,                    Case No. 3:09-cv-00557-LRH-VPC
11   vs.                                   **ORDER**
12   E. K. MCDANIEL, et al.,
13          Respondents.
14
15          Before the court are the first amended petition for writ of habeas corpus (#12), respondents'
16   motion to dismiss (#36), petitioner's opposition (#41), and respondents' reply (#47).  The court
17   finds that petitioner has not shown good cause to excuse the procedural default of some grounds for
18   relief, and the court grants the motion.
19          Earlier, the court determined that grounds 2(A), 2(B), 2(D), 2(G), 3(B), 3(C), 3(D), and 3(E)
20   of the first amended petition (#12) were unexhausted.  The court stayed the action while petitioner
21   exhausted his state-court remedies.[1]  Order (#28).
22          Petitioner filed another post-conviction habeas corpus petition in the state district court on
23   June 10, 2010, even before this court stayed the action.  Ex. 53 (#32).  The state district court
24   dismissed the petition because it was untimely under Nev. Rev. Stat. § 34.726(1) and successive
25   under Nev. Rev. Stat. § 34.810.  Ex. 62 (#32).
26
27   _____
28          [1]The court also dismissed grounds 3(A) and 5 of the first amended petition (#12) because
     they were procedurally defaulted.

1    Petitioner appealed.  While the appeal was pending, the Supreme Court of the United States
2    announced the following rule:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in
> a collateral proceeding, a prisoner may establish cause for a default of an
> ineffective-assistance claim in two circumstances.  The first is where the state courts did not
> appoint counsel in the initial-review collateral proceeding for a claim of ineffective
> assistance at trial.  The second is where appointed counsel in the initial-review collateral
> proceeding, where the claim should have been raised, was ineffective under the standards of
> Strickland v. Washington, 466 U.S. 668 (1984).  To overcome the default, a prisoner must
> also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a
> substantial one, which is to say that the prisoner must demonstrate that the claim has some
> merit. Cf. Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates
> of appealability to issue).

9    Martinez v. Ryan, 132 S. Ct. 1309, 1318-19 (2012).  The Nevada Supreme Court directed further
10   briefing on whether Martinez should apply to showings of cause for the state-law procedural bars of
11   § 34.726(1) and § 34.810.  Ultimately, in a published opinion, the Nevada Supreme Court declined
12   to adopt the Martinez rule for the state-law procedural bars.  Ex. 83 (#32).

13   Petitioner then returned to this court.  The motion to dismiss (#36) followed.

14   The issue before the court is whether the previously unexhausted grounds 2(A), 2(B), 2(D),
15   2(G), 3(B), 3(C), 3(D), and 3(E) now are procedurally defaulted.  A federal court will not review a
16   claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-
17   law ground that is independent of the federal question and adequate to support the judgment.
18   Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas review
> of the claims is barred unless the prisoner can demonstrate cause for the default and
> actual prejudice as a result of the alleged violation of federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage of justice.

22   Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon
23   which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang
24   v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher,
25   231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir.
26   1996) (same).

27

28

-2-

1       To demonstrate cause for a procedural default, the petitioner must "show that some objective

2  factor external to the defense impeded" his efforts to comply with the state procedural rule.  <u>Carrier</u>,

3  477 U.S. at 488.

4       To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial

5  created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage,

6  infecting his entire trial with error of constitutional dimensions.'"  <u>Carrier</u>, 477 U.S. at 494 (quoting

7  <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (emphasis in original).

8       The court rejects petitioner's argument that the procedural default of these grounds was

9  inadequate and not independent because the Nevada Supreme Court did not specify what claims

10  were procedurally barred.  The court agrees with, and adopts, respondents' argument to the contrary.

11  <u>See</u> Reply, at 2-5 (#47).  The parties, the Nevada Supreme Court, and this court all know which

12  grounds were successive and untimely in state court.  They are the grounds that petitioner conceded

13  were unexhausted, that petitioner sought to return to state court to exhaust, and that this court did

14  not dismiss for other reasons.  He admitted to the Nevada Supreme Court that the grounds raised in

15  his second state habeas corpus petition were subject to the procedural bars against successive and

16  untimely petitions. Ex. 70, at 6 (#32-18).  Instead, petitioner argued that <u>Martinez</u> should apply to

17  determining whether good cause exists to excuse the procedural bars.  In this circumstances of this

18  case, this court could conclude easily what grounds were procedurally barred in state court, even if

19  this court did not have petitioner's own admissions in this court and in state court.

20       The court also rejects petitioner's arguments that none of the grounds at issue are

21  procedurally defaulted because the Nevada Supreme Court in this case departed from its consistent

22  adoption of federal standards of cause to excuse the operation of state-law procedural bars.  This

23  argument is not relevant to the claims at issue in ground 3, because those are claims of trial-court

24  error, and <u>Martinez</u> does not apply to such claims.  The claims at issue in ground 2 are claims of

25  ineffective assistance of trial counsel or appellate counsel.  <u>Martinez</u> can apply to them.[2]  With

26  

27      [2]The court of appeals has extended the rule in <u>Martinez</u> to procedurally defaulted claims of

28  ineffective assistance of appellate counsel.  <u>Ha Van Nguyen v. Curry</u>, 736 F.3d 1287 (9th Cir. 2013).

1  respect to the claims in ground 2 to which <u>Martinez</u> applies, the solution is for the court to apply

2  <u>Martinez</u>.

3      Ground 2(A) is a claim that trial counsel provided ineffective assistance because trial

4  counsel did not request a jury instruction that defined willfulness, deliberation, and premeditation,

5  all elements of first-degree murder.  Petitioner also claims that appellate counsel failed to raise the

6  issue on direct appeal.  The trial court gave the following instruction to the jury:

> The unlawful killing must be accompanied with a deliberate and clear intent to take life in order to constitute murder of the first degree.  The intent to kill must be the result of deliberate premeditation.  There need be no appreciable space of time between the intention to kill and the act of killing; they may be as instantaneous as successive thoughts of the mind.  It is only necessary that the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer and, if such is the case, the killing is murder in the first degree, no matter how rapidly these acts of the mind may succeed each other, or how quickly they may be followed by the act of killing.
>
> The element of intention alone, as an element of the offense, may be ascertained or deduced from the facts and circumstances of the killing.

13  Ex. 19, Instruction 18 (#13).  In <u>Byford v. State</u>, 994 P.2d 700 (Nev. 2000), the Nevada Supreme

14  Court noted that over the previous decade it had approved a jury instruction that defined the element

15  of premeditation but did not define the element of deliberation.[3]  Deliberation thus became a

16  redundant synonym to premeditation.  <u>Id.</u> at 713.  The Nevada Supreme Court abandoned the

17  <u>Kazalyn</u> instruction in <u>Byford</u>.  <u>Id.</u>  The court held:

> Because deliberation is a distinct element of mens rea for first-degree murder, we direct the district courts to cease instructing juries that a killing resulting from premeditation is "willful, deliberate, and premeditated murder." Further, <u>if a jury is instructed separately on the meaning of premeditation</u>, it should also be instructed on the meaning of deliberation.

21  <u>Id.</u> at 714 (emphasis added).  The Nevada Supreme Court then noted, "Instructions defining

22  deliberation and premeditation are not even required."  <u>Id.</u> at 714 n.3 (2000).  The Nevada Supreme

23  Court gave a set of standard instructions that defined willfulness, deliberation, and premeditation.

24  However, the Nevada Supreme Court did not hold that those instructions must always be given in a

---

[3]The instruction is known as the <u>Kazalyn</u> instruction because it first appeared in the Nevada Supreme Court's case law in <u>Kazalyn v. State</u>, 825 P.2d 578, 583 (Nev. 1992).  The Nevada Supreme Court actually approved of the instruction later the same year in <u>Powell v. State</u>, 838 P.2d 921, 926-27 (Nev. 1992).

1   murder trial, but just when the trial court defines the elements of premeditation, deliberation, and

2   willfulness.  "Before <u>Kazalyn</u>, it appears that 'deliberate' and 'premeditated' were both included in

3   jury instructions without being individually defined but also without 'deliberate' being reduced to a

4   synonym of 'premeditated.'"  <u>Id.</u> at 713.  The Nevada Supreme Court did not abandon that type of

5   jury instruction.  The Nevada Supreme Court cited <u>State v. Harris</u>, 12 Nev. 414, 416 (1877), as an

6   example of that type of acceptable instruction.  The acceptable instruction given in <u>Harris</u> is the

7   same, almost word for word, as instruction 18 given in petitioner's trial.  Any objection to

8   instruction 18, either by trial counsel or appellate counsel, would have failed, and ground 2(A) does

9   not present a substantial claim of ineffective assistance of counsel.

10        In ground 2(B), petitioner argues that trial counsel and appellate counsel should have

11   challenged the instruction defining implied malice because it appeared to create a mandatory

12   presumption.  The jury found petitioner guilty of first degree murder.  Implied malice is not a

13   component of first degree murder.  <u>See</u> Nev. Rev. Stat. § 200.010.  Any error in the instruction was

14   irrelevant.  <u>Ficklin v. Hatcher</u>, 177 F.3d 1147, 1151 (9th Cir. 1999).  A claim that counsel provided

15   ineffective assistance by not objecting to an instruction that the jury did not use is insubstantial.

16        Ground 2(G)[4] is a claim that trial counsel did not present a defense based on a lack of

17   specific intent due to voluntary intoxication, did not proffer a jury instruction on involuntary

18   intoxication, and did not object to the instruction on voluntary intoxication that the trial court gave

19   to the jury.  Petitioner raised this claim in his first state habeas corpus petition.  The state district

20   court denied the ground on its merits.  Ex. 37, at 4 (#14).  Ground 2(G) was unexhausted because

21   petitioner did not present the claim to the Nevada Supreme Court on appeal from the denial of the

22   state habeas corpus petition.  When petitioner raised the issue in his second state habeas corpus

23   petition, the Nevada Supreme Court determined that it was procedurally barred as untimely and

24   successive under Nev. Rev. Stat. §§ 34.726(1) and 34.810.  Ex. 83, at 4-5 (#32).

25

26

---

27        [4]The court discusses ground 2(G) before ground 2(D) because the procedural default of
    ground 2(D) is more complicated and because the court's discussion of ground 2(G) applies to part
28   of ground 2(D).

1        Martinez is inapplicable to the procedural default of ground 2(G).  Ground 2(G) is not

2   procedurally defaulted because post-conviction counsel did not raise the claim before the state

3   district court in his first state habeas corpus petition.  Ground 2(G) is procedurally defaulted because

4   post-conviction appellate counsel did not appeal to the Nevada Supreme Court the denial of this

5   claim on its merits.  Martinez specifically excluded this situation from its holding.  "The holding in

6   this case does not concern attorney errors in other kinds of proceedings, including appeals from

7   initial-review collateral proceedings . . . ."  132 S. Ct. at 1320.  Petitioner has presented no other

8   argument for cause and prejudice to excuse the procedural default of ground 2(G), and the court

9   dismisses ground 2(G).

10       Ground 2(D) has two components.  First, petitioner argues that trial counsel did not prepare

11  a defense of self-defense and that trial counsel did not proffer a jury instruction that petitioner did

12  not have a duty to retreat.  Petitioner raised this part of ground 2(D) in his first state habeas corpus

13  petition.  The state district court denied this part of ground 2(D) on its merits.  Ex. 37, at 3 (#14).

14  Petitioner did not raise this part of ground 2(D) on appeal from the denial of the first state habeas

15  corpus petition, and it was unexhausted.  When petitioner raised the issue in his second state habeas

16  corpus petition, the Nevada Supreme Court determined that it was procedurally barred as untimely

17  and successive under Nev. Rev. Stat. §§ 34.726(1) and 34.810.  Ex. 83, at 4-5 (#32). For the reasons

18  stated immediately above with respect to ground 2(G), this part of ground 2(D) is procedurally

19  defaulted, and petitioner has not shown cause to overcome the default.

20       The second part of ground 2(D) is a claim of ineffective assistance of appellate counsel.  In

21  the heading, petitioner states, "appellate counsel was ineffective for failing to challenge the

22  instructions on appeal."  First Amended Petition, at 19 (#12).  In the body of the ground, petitioner's

23  allegations regarding appellate counsel are, in full:

24       Likewise, appellate counsel's failure in this regard fell below the constitutionally required
     minimum standard of reasonably effective assistance of counsel and could serve no strategic
25       nor tactical purpose that would assist Brown.  Brown suffered prejudice as he was denied his
     right to have competent counsel represent his interests during this vital stage of the
26       proceedings.

27

28

1   Id. at 20 (#12).  Most of the body of the ground supports the claim that trial counsel did not prepare

2   a defense of self-defense and did not proffer an instruction that petitioner had no duty to retreat.

3   Petitioner does not allege anywhere in the ground what instructions appellate counsel should have

4   challenged, and the paragraph quoted above actually does not describe what appellate counsel

5   should have done.  The best that the court can construe from the allegations is that appellate counsel

6   should have challenged on appeal the lack of a instruction about petitioner not having a duty to

7   retreat.  However, it was trial counsel's duty to proffer that instruction.  In effect, appellate counsel

8   would have needed to argue that trial counsel was ineffective, and Nevada generally does not allow

9   claims of ineffective assistance of counsel to be raised on direct appeal.  Gibbons v. State, 634 P.2d

10  1214, 1216 (Nev. 1981).  The claim of ineffective assistance of appellate counsel in ground 2(D) is

11  insubstantial.

12          Ground 2(D) as a whole is procedurally defaulted, and the court dismisses it.

13          Grounds 3(B), 3(C), 3(D), and 3(E) are procedurally defaulted.  These are claims of trial-

14  court error.  Petitioner argues that ineffective assistance of counsel is cause to overcome the

15  procedural defaults.

16          Grounds 3(C) and 3(E) are the claims underlying the claims of ineffective assistance of

17  counsel in grounds 2(B) and 2(G).  However, for the reasons discussed above, grounds 2(B) and

18  2(G) are procedurally defaulted, and the court is dismissing them.  Grounds 2(B) and 2(G) cannot be

19  cause to excuse the procedural defaults of grounds 3(C) and 3(E).  Edwards v. Carpenter, 529 U.S.

20  446, 452-53 (2000).  The court dismisses grounds 3(C) and 3(E).[5]

21          Grounds 3(B) and 3(D) are the claims underlying the claims of ineffective assistance of

22  counsel in 2(E) and 2(C), respectively.  Ground 3(B) is a claim that the trial court erred in its jury

23  instructions regarding the definition of manslaughter, the difference between involuntary and

24

25          [5]The court already has dismissed ground 3(A) as procedurally defaulted.  Order, at 4-5 (#28).

26  Petitioner argues that he could show cause to overcome the default through the claim of ineffective
    assistance of counsel in ground 2(A).  However, the court has determined that ground 2(A) is

27  procedurally defaulted.  Petitioner could not succeed with this argument.
            Petitioner did not make this argument in his opposition to the first motion to dismiss.

28  Instead, he argued that ground 3(A) was not procedurally defaulted.  Opposition, at 20 (#24).

-7-

voluntary manslaughter, and on the "heat of passion" theory.  Ground 3(D) is a claim that the trial court erred when it did not instruct the jury on how to proceed in its deliberations from first-degree murder, to second-degree murder, to voluntary manslaughter, to involuntary manslaughter.  The ineffective-assistance claims related to these grounds are exhausted and not procedurally defaulted. The court agrees with petitioner that the more efficient method is to litigate the merits of the ineffective-assistance claims in an answer and reply.  Respondents may maintain their argument that grounds 3(B) and 3(D) are procedurally defaulted in their answer.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#36) is **GRANTED** in part.  Grounds 2(A), 2(B), 2(D), 2(G), 3(C), and 3(E) are **DISMISSED** with prejudice because they are procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 1st day of February, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-8-